UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| Anthony Bianco,<br><br>　　　　　　Plaintiff,<br><br><br><br><br>　-v.-<br>Resurgent Capital Services L.P.,<br>LVNV Funding LLC,<br><br>　　　　　　Defendant(s). | Civil Action No:<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Anthony Bianco ("Plaintiff"), a Massachusetts resident, brings this Complaint by and through his attorneys, against the Defendant Resurgent Capital Services L.P. ("Resurgent") and the Defendant LVNV Funding LLC ("LVNV") (collectively, "Defendants"), based upon information and belief of the Plaintiff's counsel, except for allegations specifically pertaining to the Plaintiff, which are based upon the Plaintiff's personal knowledge.

**INTRODUCTION/PRELIMINARY STATEMENT**

1.　　Congress enacted the Fair Debt Collection Practices Act ("FDCPA" or "Act") in 1977 in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a).  At that time, Congress was concerned that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "'the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

1

2. Congress explained that the purpose of the Act was not only to eliminate abusive debt collection practices, but also to "insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate, *id.* § l692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. *Id.* § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides as well as where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this action for damages, declaratory and injunctive relief arising from the Defendants' violation(s) of section 1692 et. seq. of Title 15 of the United States Code, commonly referred to as the FDCPA.

## PARTIES

6. Plaintiff is a resident of the State of Massachusetts, County of Middlesex.

7. Defendant Resurgent is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address of 55 Beattie Place, Suite 110, Greenville, South Carolina 29601, and is registered to accept service of process at c/o Corporation Service Company, 84 State Street, Suite 400, Boston, Massachusetts 02109.

8. Upon information and belief, Defendant Resurgent is a company that uses the mail, telephone and facsimile, and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due another.

9. Defendant LVNV is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA with an address of 6801 South Cimarron Road, Suite 424-J, Las Vegas, Nevada 89113, and is registered to accept service of process at c/o Corporation Service Company, 84 State Street, Suite 400, Boston, Massachusetts 02109.

10. Upon information and belief, Defendant LVNV is a company that uses the mail, telephone and facsimile, and regularly engages in business the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## FACTUAL ALLEGATIONS

11. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

12. At some time prior to July 26, 2021, Plaintiff allegedly incurred an obligation to non-party Credit One Bank, N.A. ("Credit One").

13. The Credit One obligation arose out of transaction(s) in which money, property, insurance, or services which are the subject of the transaction(s) were primarily for personal, family, or household purposes.

14. The alleged Credit One obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

15. Upon information and belief, Defendant LVNV acquired the allegedly defaulted debt. Therefore, Defendant LVNV is a "debt collector" as defined in 15 U.S.C. § 1692a(6).

16. Upon information and belief, Defendant LVNV contracted with the Defendant Resurgent to collect the allegedly defaulted debt.

17.     Defendant Resurgent collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

18.     Defendant LVNV has policies and procedures in place that govern the Defendant Resurgent's debt collection practices, specifically with regard to collecting the subject debt, thereby evidencing the Defendant LVNV's control over the Defendant Resurgent's collection practices.

19.     By virtue of the relationship between the two Defendants, Defendant LVNV exercised control over the Defendant Resurgent while the latter was engaged in collecting the subject debt on behalf of the former.

20.     Therefore, Defendant LVNV should be held vicariously liable for any and all violations committed by the Defendant Resurgent.

*Violations - July 26, 2021 Letter*

21.     On or about July 26, 2021, Defendants sent the Plaintiff an initial collection notice regarding the alleged debt owed. A true and accurate copy of this letter (the "Letter") from the Defendants is **attached as Exhibit A**.

22.     The Letter states:

Resurgent Capital Services L.P. manages the above referenced account for LVNV Funding LLC and has initiated a review of the inquiry recently received either directly or from Ratchford Law Group P.C., the current servicer of this account.

For further assistance, please contact one of our Customer Service Representatives toll-free at 1-866-464-1187.

23.     The Letter also contains the following "G Notice" language:

Unless you notify us within 30 days after receiving this notice that you dispute the validity of this debt, or any portion of it, we will assume this debt is valid. If you notify us in writing within 30 days after receiving this notice that you dispute the

validity of this debt, or any portion of it, we will obtain verification of the debt or obtain a copy of a judgment and mail you a copy of such judgment or verification. If you request of us in writing, within 30 days after receiving this notice, we will provide you with the name and address of the original creditor, if different from the current creditor.

24. When a debt collector solicits payment from a consumer, it must, within five days of an initial communication send the consumer a written notice containing:

(1) the amount of the debt;

(2) the name of the creditor to whom the debt is owed;

(3) a statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt collector;

(4) a statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of the judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

(5) a statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

15 U.S.C. § 1692g(a).

25. These required disclosures set forth in § 1692g(a) are more commonly known as the "G Notice."

26. Although a collection letter may track the statutory language, "the collector nevertheless violates the Act if it conveys that information in a confusing or contradictory fashion so as to cloud the required message with uncertainty." *Russell v. Equifax A.R.S.*, 74 F.3d 30, 35 (2nd Cir. 1996) ("It is not enough for a debt collection agency to simply include the proper debt validation notice in a mailing to a consumer – Congress intended that such notice be clearly

conveyed.") Put differently, a notice containing "language that 'overshadows or contradicts' other language informing a consumer of her rights … violates the Act." *Id.* at 34.

27. Despite the fact that this Letter contained the notices required in an initial communication by 15 U.S.C. § 1692g(a), it was deceptive in nature by failing to properly describe the alleged debt and further overshadowed the Plaintiff's validation rights.

28. The Letter violates the "G Notice" requirement by failing to clearly convey the status of the debt.

29. Specifically, based on the way in which the Letter is written, it is not apparent whether the Letter is meant to notify the Plaintiff that the account is under review or to offer G Notice rights.

30. If the account is under review, then the G Notice is redundant and at worst wholly improper.

31. If the G Notice controls, then it is confusing what exactly this review process is.

32. The Letter does not provide the Plaintiff with even a modicum of the information needed to determine the difference between the review and the G Notice rights offered.

33. Moreover, it is unclear what roles the Defendant Resurgent and non-party Ratchford Law Group P.C. actually serve in relation to the debt.

34. Similarly, it is unclear to what entity the Plaintiff should remit future payments, submit inquiries, or otherwise attempt to resolve the purportedly delinquent debt.

35. Specifically, there is no distinction between an entity responsible for "managing" an account versus "servicing" an account, and this is not a distinction that would be known by the least sophisticated consumer.

36. Plaintiff was therefore unaware as to what role either entity would play going forward, and thus, could not properly determine how to proceed with addressing the alleged debt.

37. As a result, the Letter is open to more than one reasonable interpretation regarding both the review/dispute rights and the roles of the various entities noted within the Letter, at least one of which is inaccurate.

38. For the foregoing reasons, Plaintiff was unable to evaluate his options of how to handle this debt.

39. Because of this, Plaintiff expended time, money, and effort in determining the proper course of action.

40. In reliance on the Letter, Plaintiff expended time and money in an effort to mitigate the risk of future financial harm in the form of dominion and control over his funds.

41. Plaintiff would have pursued a different course of action were it not for the Defendant's violations.

42. Plaintiff's reliance on the Letter, and the resulting inaction/non-payment, caused negative credit furnishment to accrue, and ultimately be reported to third parties, to the Plaintiff's financial and reputational detriment.

43. Plaintiff has also suffered emotional distress, including, but not limited to, fear, anxiety, stress, increased heartrate, and difficulty with sleep, because of the Defendants' misrepresentations and omissions concerning the characterization and legal status of the debt.

44. Congress is empowered to pass laws and is well-positioned to create laws that will better society at large.

45. The harms caused by the Defendants have a close relationship to harms traditionally recognized as providing a basis for a lawsuit in American courts.

46. As it relates to this case, the common-law analogues are to the traditional torts of fraud, misrepresentation, negligent infliction of emotional distress, defamation and conversion.

47. For purposes of this action, only a close relationship to common-law harm is needed, not an exact duplicate.

48. Plaintiff is entitled to receive proper notice of the character and legal status of the debt, as required by the FDCPA.

49. Defendants failed to effectively inform the Plaintiff of this information, and in fact, attempted to conceal it in violation of the law.

50. Accordingly, Plaintiff incurred an injury because the Defendant Resurgent provided a deceptive Letter to the Plaintiff, including deceptive and overshadowing information regarding the Plaintiff's validation rights as well as what entity should be contacted in connection with the debt.

51. These violations by the Defendants were knowing, willful, negligent, and/or intentional, and the Defendants did not maintain procedures reasonably adopted to avoid such violations.

52. Defendants' collection efforts with respect to this alleged debt from the Plaintiff caused the Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides the Plaintiff with the legally protected right to not be misled or treated unfairly with respect to any action for the collection of any consumer debt.

53. Defendants' deceptive, misleading, and unfair representations with respect to their collection efforts were material misrepresentations that affected and frustrated the Plaintiff's ability to intelligently respond to the Defendants' collection efforts because the Plaintiff could not adequately respond to the Defendants' demand for payment of this alleged debt.

54. Plaintiff was confused and misled to his detriment by the statements in the Letter and relied on the contents of the Letter to his detriment.

55. Because of the Defendants' actions, the funds the Plaintiff could have used to pay all or part of the alleged debt were spent elsewhere.

56. But for the Defendants' violations of the FDCPA, and the resulting confusion therefrom, Plaintiff would have chosen a different course of action in an attempt to resolve the alleged debt.

57. As a result of the Defendants' deceptive, misleading, and unfair debt collection practices, Plaintiff has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692e *et seq.*

58. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

59. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

60. Pursuant to 15 U.S.C. §1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

61. Defendants violated §1692e by:

   1. Making false and misleading representation(s) in violation of § 1692e (10);

   2. Making false representation(s) of the character, amount, or legal status of the debt in violation of § 1692e (2); and

3. Attempting to collect a debt through the mailing of the Letter that was open to more than one reasonable interpretation, at least one of which was inaccurate.

62. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692e et seq. of the FDCPA, and that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## COUNT II
### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692g *et seq.*

63. Plaintiff repeats the allegations contained in the above paragraphs as if set forth here.

64. Defendants' debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692g.

65. Pursuant to 15 USC §1692g:

> Within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the following information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing –
>
> 1. The amount of the debt;
>
> 2. The name of the creditor to whom the debt is owed;
>
> 3. A statement that unless the consumer, within thirty days after receipt of the notice, disputes the validity of the debt, or any portion thereof, the debt will be assumed to be valid by the debt-collector;
>
> 4. A statement that if the consumer notifies the debt collector in writing within the thirty-day period that the debt, or any portion thereof, is disputed, the debt collector will obtain verification of the debt or a copy of a judgment against the consumer and a copy of such verification or judgment will be mailed to the consumer by the debt collector; and

> 5. A statement that, upon the consumer's written request within the thirty-day period, the debt collector will provide the consumer with the name and address of the original creditor, if different from the current creditor.

66. Defendants violated 15 U.S.C. §1692g by overshadowing the Plaintiff's validation rights in noting a contemporaneous review/dispute period and listing multiple entities without specification as to which to contact to preserve Plaintiff's rights.

67. By reason thereof, Defendants are liable to the Plaintiff for judgment that the Defendants' conduct violated Section 1692g et seq. of the FDCPA, that the Plaintiff is entitled to actual damages, statutory damages, costs and attorneys' fees.

## DEMAND FOR TRIAL BY JURY

68. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## PRAYER FOR RELIEF

**WHEREFORE** Plaintiff Anthony Bianco, demands judgment from the Defendant Resurgent Capital Services L.P. and the Defendant LVNV Funding LLC as follows:

1. Awarding the Plaintiff statutory damages;
2. Awarding the Plaintiff actual damages;
3. Awarding the Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;
4. Awarding pre-judgment interest and post-judgment interest; and
5. Awarding the Plaintiff such other and further relief as this Court may deem just and proper.

Dated: July 20, 2022

                              **LAW OFFICES OF SCOTT H. BERNSTEIN, LLC**

                              */s/ Scott H. Bernstein*
                              Scott H. Bernstein, Esq.
                              *Attorneys For Plaintiff*
                              101 Eisenhower Parkway, Suite #300
                              Roseland, New Jersey 07068
                              Telephone (203) 246-2887
                              scott@scottbernsteinlaw.com